UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

JEFFREY JOHNSON                                                                                          PLAINTIFF

v.                                                                       CIVIL ACTION NO. 5:14-CV-P154-GNS

OFFICER RICHARD STEEN *et al*.                                                                    DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Plaintiff, Jeffrey Johnson, a prisoner proceeding *pro se*, *in forma pauperis*, filed an action under 42 U.S.C. § 1983 in which he asserts various federal and state-law claims (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the Court will allow the First Amendment retaliation claim, the Fourth Amendment excessive-force claim, and the state-law claim for intentional infliction of emotional distress to proceed against Defendant Steen in his individual capacity for money damages. All other claims and Defendants will be dismissed from this action.

### I. STATEMENT OF THE CASE

Plaintiff brings this action against three Defendants: (1) Officer Richard Steen, a deputy in the Calloway County Sheriff's Office; (2) Larry Elkins, the Calloway County Judge Executive; and (3) Calloway County "Phyical Court."[1] Plaintiff sues each Defendant in his official capacity. Additionally, he sues Defendant Steen in his individual capacity. Plaintiff seeks monetary and punitive damages as well as the charges against him to be "[e]xsponged from [his] Record."

---

[1] It appears that Plaintiff is referring to the Calloway County Fiscal Court. This Court will use the correct spelling of that entity when referring to this Defendant

According to the complaint, on July 2, 2014, Plaintiff turned onto his street while attempting to drive home in his truck and encountered a car and a "Sherriff Truck" stopped in his lane and facing his truck. Plaintiff states that the following events transpired thereafter:

> [A]ll the Sudden the took off then cut in my lane Head on towards me running me off the road my truck was in the grass sliding down Hill out of Control my truck came back on the road & off the other side of the road & stoped I attempted to pull into the driveway when Steen Rammed me in the side & Pushed me & my Truck across the yard then across a Driveway then into another yard then around Behind a building & into the side of the Building where the driver Richard Steen appeared Screaming Im going to Shoot you when I saw who it was I realized he was trying to kill me . . . He Has me pinned in my small Truck between his truck & a building that he pushed behind where no one could see & he's screaming Im going to shoot you & looking around the corner of the the building to see if anyones watching after screaming I'm going to shoot you he says put your hands up my hands were all ready up he kept screaming put ur hands up while he was motioning with his gun for me to Put my Hands down I kept my hands up even know Steen was wanting them down so he could Shoot I was stuck in my truck Steen Bumper of his truck was against the Door of my truck another officer arrived I said Im cooperating Im stuck in the door officer grabed my left arm that is in a brace from a surgery complication 8 weeks earlyer & started to pulling I screamed in pain Im cooperating I hung in the Truck that has been ramed by Steen the officer let go of my Injured arm Steen Runs up graps my Right arm & makes the officer grab my Left Injured are again now both are pulling & Im still hung in my Truck I screaming in pain Im cooperating your Hurting me Im hung Im stuck Then Officer Richard Steen lets go of my Right arm & grabs my Injured left arm know both officers are pulling my left arm that has a brace on it and Steen starts jurking & twisting my wrist hard as he can I screaming Im cooperating Im stuck your hurting me Steen says good I want to hurt you & twist & Jurks even harder Intentionly hurting me I screamed your hurting me Im hung Im stuck other Officer lets go Steen Jurks & twist my left arm that's in a brace even harder scream I want to hurt you Im shocked but then I realized who Steen is hes Max Parrish Jr buddy Max Parrish Jr from Burls wreaeker Services Dads Friend Im Pulled loose from my Truck take a couple steps & I go (????) I cuffed Im Face down Im hurt Im no threat to anyone I been cuffed & on the ground For Aprox 5-6 min when Officer Richard Steen Runs & Jumps on my back yelling & screaming at me he's yelling Im going to kill you Im going to kill you Officers are trying to pull him off but he lands on me again. Still yelling I going to kill you I was take to MCCH for my Injury's & throw in Jail & Charged with a bunch of lyes & false charges that the Judge throws out most off after another Dupty testifies & Couldn't get his story strait & it was obvious he was lying, Now I in Jail suffering in Pain, left arm & back & neck Ive lived in Kentucky most of my life and can not beleave the amount of corruption Ive wittnessed in the last 2 years by Sherriff Dept Officers & their buddy run Bussiness Now Im in Jail suffering

with Seveare Nerve damage, pain, numbness, loss of fealing, burning pain & god only knows what else wrong with my left arm & hand back & Neck and know after being in Jail for a few weeks starting to lose feeling in feet & legs witch Sherriff Dept Officers have Injured a second time Im looking at god only knows how many surgerys to fix the damage to my body to stop the pain & suffering Im in I now know how Rodney King felt after he was Attacked by Corrupt Police Officers Ive never saw this level of Corruption I still can not beleave its happening but I have a constant reminder from the pain & suffering im in now when I think of Kentucky I not Thinking Home Im Thinking How embarrissed Im of Kentucky & in Calloway County Sherriff Dept would Attempt to murder me Violate my rights & the rights of everyone in Kentucky The message my Self & Everyone else in Kentucky is loud & Clear if you Stand up for your right in Kentucky the Sherriff Deptment will come and try to kill you This was an attempt to murder me because I file a law suit after I was done wrong Conspericy to commit murder & Attempted murder is what this was & I beleave fall under organized crime & the Reco Act This was Intentonal Inflection of Emotional Distress and Intentional Inflection of pain & Suffering

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 90 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. LEGAL ANALYSIS

#### A. *Official-Capacity Claims*

Plaintiff sues each Defendant in his official capacity. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). Suing Defendants in their official capacities is the equivalent of suing their employer, Calloway County. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (advising that since the county police department is not an

4

entity which may be sued, the county is the proper party); *Bradford v. Hammond*, No. Civ.A.3:05CVP459-H, 2005 WL 2739154, at *2 (W.D. Ky. Oct. 21, 2005) (construing a claim against Louisville Metro Corrections as one brought against Louisville/Jefferson County Metro Government); *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (concluding that a suit against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive is actually a suit against Jefferson County itself).

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. at 694; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The

policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted))

In the instant case, Plaintiff has not alleged that a municipal policy or custom caused his alleged harm. As nothing in the complaint demonstrates any purported wrongdoing occurred as a result of a policy or custom implemented or endorsed by Calloway County, the complaint fails to establish a basis of liability against the municipality, and it fails to state a cognizable § 1983 claim.

Accordingly, Plaintiff's official-capacity claims under 42 U.S.C. § 1983 will be dismissed. Further, since Defendants Elkins and Calloway County Fiscal Court are sued only in their official capacity, they will be dismissed from this action.

### B. Individual-Capacity Claims

Plaintiff sues Defendant Steen in his individual capacity. He alleges various federal and state-law claims against this Defendant. The federal claims include retaliation, excessive force, and a RICO claim. The state-law claims include conspiracy to commit murder, attempted murder, intentional infliction of emotional distress, and intentional infliction of pain and suffering. The federal and state-law claims will be discussed separately.

#### 1. Federal Claims

##### a. RICO

The Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968, is concerned with "racketeering activity" and provides in § 1964(c) for a private civil action by any person injured in his business or property. "In order to establish standing under § 1964(c), a plaintiff must show (1) a violation of § 1962, (2) an injury to his business or

6

property, and (3) that his injury was proximately caused by a RICO violation." *Sharp v. Ingham Cnty.*, 23 F. App'x 496, 499 (6th Cir. 2001) (citing *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 258-59 (1992)). Plaintiff has not alleged injury to any business or property; thus, his RICO claim fails. *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 495 (1985) (recognizing that "Section 1964(c) authorizes a private suit by '[a]ny person injured in his business or property by reason of a violation of § 1962'"); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) (finding that the plaintiff "failed to state a claim for relief because he did not demonstrate any injury to his business or property, which is a prerequisite to a successful civil RICO claim"); *Ziegler v. McGinnis*, 32 F. App'x 697, 699 (6th Cir. 2002) (finding that the prisoners had "no RICO claim because they did not allege injury to business or property"); *Fleischhauer v. Feltner*, 879 F.2d 1290, 1300 (6th Cir. 1989) ("Recovery for physical injury or mental suffering is not allowed under civil RICO because it is not an injury to business or property.").

Accordingly, Plaintiff's RICO claim will be dismissed for failure to state a claim upon which relief may be granted.

### *b. Retaliation*

In Plaintiff's alleging that Defendant Steen's actions were committed because Plaintiff had filed a lawsuit, it appears that Plaintiff is attempting to assert a § 1983 retaliation claim against Defendant Steen. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that

would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.*

Upon review, the Court will allow the First Amendment retaliation claim to proceed against Defendant Steen in his individual capacity.

### *c. Excessive Force*

A claim of excessive force in the course of making an arrest, investigatory stop or other seizure of one's person invokes the protection of the Fourth Amendment, which guarantees citizens the right "to be secure in their persons . . . against unreasonable . . . seizures" of the person. *Graham v. Connor*, 490 U.S. 386, 395 (1989) (quoting U.S. CONST. amend. IV); *see also Marvin v. City of Taylor*, 509 F.3d 234, 244 (6th Cir. 2007) (stating that a claim of "excessive force in the course of making an arrest . . . [is] properly analyzed under the Fourth Amendment's 'objective reasonableness' standard") (citation omitted). Since Plaintiff alleges excessive force in the course of a stop and subsequent arrest, the Fourth Amendment applies to this action.

Accordingly, the Court will allow the Fourth Amendment excessive-force claim to proceed against Defendant Steen in his individual capacity.

### *2. State-Law Claims*

### *a. Conspiracy to Commit Murder and Attempted Murder*

"It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 234 (D.C. Cir. 1965). The Court does not have the power to direct that criminal charges be filed against anyone as Plaintiff requests. *Peek v. Mitchell*, 419 F.2d 575, 577–78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972).

To the extent Plaintiff seeks criminal charges be brought against any Defendant, he fails to state a claim upon which relief may be granted. Accordingly, the murder and attempted murder claims will be dismissed from this action.

### b. Intentional Infliction of Emotional Distress

The tort of intentional infliction of emotional distress, or outrage, was first recognized in Kentucky in *Craft v. Rice*, 671 S.W.2d 247, 251 (Ky. 1984). "In that case, the Kentucky Supreme Court adopted the following portion of Section 46 of the Restatement (Second) of Torts: One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." *Banks v. Fritsch*, 39 S.W.3d 474, 480 (Ky. Ct. App. 2001).

Upon consideration, the Court will exercise supplemental jurisdiction over this state-law claim and allow it to proceed past initial review.

### c. Intentional Infliction of Pain and Suffering

The Court knows of no claim for intentional infliction of pain and suffering under Kentucky law. Further, it appears that this claim would be the same as one for intentional infliction of emotional distress which allows damages for bodily harm.

Accordingly, the intentional infliction of pain and suffering claim will be dismissed from this action.

### C. Expungement of Charges

Plaintiff asks this Court to expunge his criminal charges from his record. He, therefore, seeks an immediate or speedier release from imprisonment. "[W]hen a state prisoner is

challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  The § 1983 claim for equitable relief, therefore, cannot lie.

Accordingly, the claim for expungement of Plaintiff's criminal record will be dismissed

### IV.  ORDER

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the following claims against Defendant Steen in his individual capacity seeking monetary and punitive damages shall proceed beyond initial review under § 1915A:  **(1) the First Amendment retaliation claim; (2) the Fourth Amendment excessive-force claim; and (3) the state-law intentional infliction of emotional distress claim.**

**IT IS ORDERED** that all of the other federal and state-law claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendant Elkins and Defendant Calloway County Fiscal Court are **DISMISSED** from this action since all of the claims against them have been dismissed.  The **Clerk of Court** is **DIRECTED** to remove Defendant Elkins and Defendant Calloway County Fiscal Court from the docket of this action.

The Court will enter a separate Scheduling Order directing service and governing the development of the continuing claims. In permitting these claims to continue, the Court passes no judgment on the merits and ultimate outcome of the action.

Date: January 15, 2015

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Calloway County Attorney
4416.003

11